IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHEYENNE KICKHAEFER,

    Plaintiff,

    v.

CITY OF HERINGTON, KANSAS, AND
SCOTT MELCHER,

    Defendants.

Case No. 21-4084-HLT-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff Cheyenne Kickhaefer's Unopposed Motion for Extension of Time to File Motion to Compel Discovery and/or for Sanctions for Spoliation of Evidence. (ECF 34.) By way of this motion, Kickhaefer seeks an extension of the local-rule deadline requiring a motion to compel discovery to be "filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause." D. KAN. RULE 37.1(b). Under Local Rule 37.1(b), a party may file a motion to compel within (1) 30 days, or (2) another time period for good cause shown.

Some judges in this district construe the local rule to require a party to move for an extension of time before the 30-day period expires. *See, e.g.*, *Mayhew v. Angmar Med. Holdings, Inc.*, No. 18-2365-JWL-KGG, 2019 WL 1779754, at *1 (D. Kan. Apr. 23, 2019). This practice often results in boilerplate motions generically requesting an extension to allow the parties additional time to engage in ongoing discussions regarding their discovery disputes. Such motions rarely provide meaningful insight into the parties' disputes or contain enough information for the court to determine whether the parties are truly engaging in efforts to resolve an identifiable

1

discovery dispute. Because of this, they are not sufficiently particularized to demonstrate good cause. Moreover, this practice results in potentially unnecessary motion practice on hypothetical motions to compel that often will never come to fruition.

Nothing in the plain language of Local Rule 37.1(b) requires a party to move for an extension of time to move to compel within the 30-day period. Rather, the court may find good cause for a party to file a motion to compel at any point during the litigation. The undersigned believes the better practice—one more in line with Federal Rule of Civil Procedure 1—dictates that a party filing a motion to compel after the 30-day period demonstrate good cause in the motion to compel itself. Good cause exists if the moving party shows it acted diligently in attempting to resolve the particular discovery dispute at issue. Requiring a party to set forth good cause in the motion to compel will not only result in fewer unnecessary motions but a more specific and particularized showing of good cause.

Here, Kickhaefer's motion describes with particularity the steps already taken to resolve the issues in dispute, as required by Local Rule 37.2, but requests more time to file her motion "[d]ue to the press of business, including briefing, depositions, and mediations in other matters, and the travel schedule of Plaintiff's counsel." (ECF 34, at 3-4.) But the court reminds the parties that the undersigned requires a pre-motion discovery conference before a party files a disputed, discovery-related motion. The parties have not yet even requested a discovery conference. So, before filing any motion, they must contact the undersigned's chambers to request a discovery conference, at which the court will discuss the issues with the parties, explore their respective positions, and determine the extent to which the issues may be resolved expeditiously without the need for formal motion practice. In the court's experience, these discovery conferences tend to drastically reduce the time and expense associated with discovery motions by often resolving

disputes entirely or at least narrowing and focusing the issues for motion practice. If, at that discovery conference, it becomes clear that the parties are at an impasse and the issues will require formal motion practice, the court will consult with the parties to set expedited briefing deadlines and shortened page limits to get the issues teed up and decided quickly so that they do not bog down the case schedule.

For all of these reasons, the court denies Kickhaefer's motion. If and when Kickhaefer ultimately files a motion to compel, the court will expect Kickhaefer to demonstrate good cause for filing the motion to compel after the 30-day period set forth in Local Rule 37.1(b) by demonstrating in the motion itself that she acted with diligence in attempting to resolve the particular discovery dispute at issue.

**IT IS THEREFORE ORDERED** that plaintiff Kickhaefer's Unopposed Motion for Extension of Time to File Motion to Compel Discovery and/or for Sanctions for Spoliation of Evidence (ECF 34) is denied for the reasons stated above.

**IT IS SO ORDERED.**

Dated July 25, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

3